IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**R&F, LLC,**

       **Plaintiff,**

       v.                                       Case No.  07-2175-JWL

**BROOKE CORPORATION,**

       **Defendant.**

_____

**MEMORANDUM AND ORDER**

This lawsuit arises from an insurance agency franchise agreement that was entered into between plaintiff R&F, LLC and defendant Brooke Corporation.  R&F alleges that Brooke Corporation breached this agreement by failing to provide insurance companies in the markets in which R&F does business from which R&F could apply for coverages for its customers and potential customers.  This matter is currently before the court on defendant Brooke Corporation's Motion for Stay and Order to Mediate and Compel Arbitration and, Alternatively, to Extend Date to File Answer (doc. #6).  Therein, Brooke Corporation seeks a court order directing R&F to mediate its claims in this action and compel arbitration and to stay this case pending completion of mediation and arbitration of R&F's claim or, alternatively, to grant Brooke Corporation ten days to respond to R&F's complaint.  For the reasons explained below, the court will grant the motion in part and stay this case while the parties conduct mediation to attempt to resolve the claim asserted in this lawsuit.  Brooke

Corporation's motion to compel arbitration is premature until the parties have completed the mediation process.

Brooke Corporation's motion is comprised of essentially two main components. First, Brooke Corporation seeks a court order enforcing a provision in the Franchise Agreement that provides for mandatory mediation of disputes before filing suit. In the second and main component of Brooke Corporation's motion, it seeks to compel arbitration of R&F's claims against it. This aspect of the motion is based on arbitration clauses contained in three different agreements relating to the Franchise Agreement. The Franchise Agreement itself does not contain an arbitration provision. Brooke Corporation and R&F are both parties to the Franchise Agreement, but Brooke Corporation itself is not a party to the related agreements which contain the arbitration clauses. Rather, those agreements are between R&F, LLC and two Brooke Corporation subsidiaries—Brooke Franchise Corporation and Brooke Credit Corporation. Thus, Brooke Corporation is seeking to compel arbitration notwithstanding the fact that it is a non-signatory to the contracts containing the arbitration provisions.

The court will turn first to the issue of the mediation provision in the Franchise Agreement. In addressing this provision, the court notes that the Franchise Agreement contains a Kansas choice-of-law provision. *See* Franchise Agreement § 9.10 ("This Agreement shall be construed and governed by the laws of the State of Kansas."). This court applies the forum state's rule regarding the enforceability of a choice-of-law provision.

*Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1360 (10th Cir. 1990).  Under Kansas law, such choice-of-law provisions are generally enforceable so long as the chosen state at least bears a "reasonable relation" to the transaction.  *National Equipment Rental, Ltd. v. Taylor*, 225 Kan. 58, 61, 587 P.2d 870, 873 (1978).  Here, the Franchise Agreement appears to have a reasonable relation to the state of Kansas insofar as Brooke Corporation's principal place of business is in Kansas.  Thus, the court will enforce the choice-of-law provision and apply Kansas law.

Under Kansas law, mandatory mediation provisions are enforceable.  *See, e.g.*, *Crandall v. Grbic*, 36 Kan. App. 2d 179, 197-98, 138 P.3d 365, 379 (2006) (holding mediation clause was enforceable).  Here, the mediation provision contained in the parties' Franchise Agreement provides as follows:

> Any issue, claim or dispute that may arise out of or in connection with this contract or the franchise relationship, and which Brooke and [R&F] are not able to resolve themselves by negotiation, shall be submitted to mediation in a manner agreed to by Brooke and [R&F].  Brooke and [R&F] agree to use mediation to attempt to resolve such issue, claim or dispute prior to filing any lawsuits, complaints, charges or claims.

Franchise Agreement § 9.12.  Clearly, R&F's breach of contract claim in this case arises out of the Franchise Agreement as well as the parties' franchise relationship, and therefore it falls within the scope of the mediation provision.  As such, the mediation provision requires that the claim "shall be submitted to mediation . . . prior to filing any lawsuits, complaints, charges or claims."  Under this provision, then, the parties should have engaged in mediation with respect to R&F's breach of contract claim before R&F filed this lawsuit.

3

In response to Brooke Corporation's motion, R&F does not oppose mediation by suggesting that this mediation provision is, for some reason, unenforceable. Instead, R&F states that it does not object to the court ordering mediation, although it believes mediation will be a "hollow exercise." The arguable futility of mediation is of no consequence. This is not a case in which the court is exercising its inherent powers to require the parties to mediate their dispute. Here, the court is simply enforcing a mediation provision to which R&F itself agreed. R&F also argues that there is no reason to stay this litigation to conduct mediation. The court disagrees. The mediation provision included in the Franchise Agreement (which, again, was agreed to by R&F itself) expressly required the parties to engage in mediation before filing this lawsuit. Consequently, R&F is not entitled to proceed with litigating this case at all until mediation has been conducted. *See, e.g.*, *Crandall*, 36 Kan. App. 2d at 197-98, 138 P.3d at 379 (affirming district court's grant of summary judgment against plaintiffs where the plaintiffs failed to timely seek mediation as required by the parties' contract).

Given the parties' failure to mediate, the court declines to consider the issue of whether to enforce the arbitration provisions at this time. Importantly, each of the agreements containing the arbitration provisions also contain mediation provisions similar to the one contained in the Franchise Agreement. And, the arbitration provisions in those agreements provide as follows: "Any issue, claim, dispute or controversy that may arise out of, in connection with or relating to [certain agreements and relationships], **and which the**

4

**parties are not able to resolve through mediation**, shall be settled by arbitration . . . ." Direct Bill Bonus Agreement at 2 (emphasis added); Franchise Agent Line of Credit Agreement § 5.8 (same); Franchise Service Center Option Agreement at 2 (same). The plain language of these provisions makes clear that the required mediation process is a condition that must be satisfied before the claim at issue in this lawsuit is even arguably within the scope of those arbitration provisions. Consequently, Brooke Corporation's demand for arbitration is premature.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Brooke Corporation's Motion for Stay and Order to Mediate and to Compel Arbitration and, Alternatively, to Extend Date to File Answer (doc. #6) is granted in part. This case is stayed while the parties conduct mediation to attempt to resolve their disputes raised in this lawsuit.

**IT IS FURTHER ORDERED THAT** counsel for the parties are directed to report to the court in writing no later than **March 31, 2008**, concerning the status of mediation in the event that this case has not been terminated earlier.

**IT IS SO ORDERED** this 31st day of January, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge